**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JAMES A. HENSON, JR.                    *

Plaintiff                               *

v                                       *           Civil Action No. RDB-15-3022

SGT JANET PUFFENBARGER,  et al.,        *

Defendants                              *
                                      ***

<u>**MEMORANDUM OPINION**</u>

Pending is a Motion to Dismiss, or in the alternative, Motion for Summary Judgment filed by Defendants Sgt. Janet Puffenbarger, C.O. II Timothy Marchinke, C.O. II Dean Rounds, Jr., and C.O. II Cody Gilpin.  ECF 21.  Plaintiff has responded. ECF 23 & 24.[1]  Upon review of the papers filed, the Court finds a hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the dispositive motion will be construed as a Motion for Summary Judgment and will be GRANTED.

**Background**

The case was instituted upon receipt of a civil rights Complaint filed by Plaintiff James Henson, an inmate currently confined at the North Branch Correctional Institution ("NBCI"). ECF 1.  Plaintiff states that on an unspecified date in August of 2015, Puffenbarger, Marchinke and Rounds verbally threatened him, using racial epithets.  He also claims that on September 15, 2015, Puffenbarger ordered Rounds and Gilpin to handcuff Plaintiff behind his back and then ordered Rounds to put Plaintiff in a chokehold.  He states Gilpin then lifted him off the ground, pushing his handcuffed wrists upward and behind his back.  Thereafter, Puffenbarger, Rounds,

---

[1]       Plaintiff's Complaint and Response are difficult to decipher.  To the extent Plaintiff raises any new issues in his response; those issues are not properly before the Court and will not be considered.

and Gilpin maced Plaintiff and beat him. Plaintiff states that he lost consciousness and was revived with "smelling salt." Puffenbarger ordered Rounds and Gilpin to carry Plaintiff back to the tier because he was in out and of consciousness. He states that he defecated on himself and could not stand or walk as a result of the assault. ECF 1, p. 3.

Plaintiff states that he filed an Administrative Remedy Request (ARP), NBCI-1667-15 requesting to have the Defendants prosecuted for threatening him and for the assault. ECF 1 & 16. Plaintiff states contradictorily that he did not receive a response from the Warden (ECF 1) and that his appeal of the Warden's denial of his ARP was "blatantly destroyed by Housing Unit #1 guards to further impede [his] legal endeavor." ECF 16, p. 2. He claims he was prevented from exhausting his administrative remedies and also claims he did not receive a response from the Commissioner of Corrections. *Id*.

Plaintiff's Amended Complaint (ECF 15) and Second Amended Complaint. (ECF 16) contain litanies of Plaintiff's numerous complaints concerning the entirety of his incarceration.[2] The amendments also refer to events occurring after the specific events complained of in the instant complaint and will not be considered here. Additionally, the amendments refer to

---

[2]    Plaintiff's claims of a far reaching conspiracy have been investigated and found unsubstantiated, resulting in the dismissal of the claims both administratively and judicially. *See e.g. Henson v. Likin* Civil Action No. RWT-11-2719 (D. Md.); *Henson v. Miller*, Civil Action No. RWT-12-763 (D. Md.); *Henson v. Lambert*, Civil Action No. RWT-12-3271 (D. Md.); *Henson v. Smith, et al.,* Civil Action No. RWT-13-2266 (D.Md.); *Henson v. Bishop*, RDB-14-2131 (D. Md.) (dismissing for failure to exhaust administrative remedies but noting affidavits of all correctional staff that they had not: submitted false incident reports, encouraged the submission of falsified medical reports, or instructed anyone to house Plaintiff with violent, dangerous gang members.) Those claims will not be addressed again.

numerous previously filed cases to support his allegations of regular and continuous problems with prison staff.  Those complaints, previously litigated, will not be considered here.[3]

In his request for relief, Plaintiff seeks a temporary restraining order, liens on Defendants' paychecks, removal of Defendants from the institution, criminal prosecution of the Defendants, that Defendants be placed on unpaid leave pending the outcome of a criminal trial against them, termination of Defendants' employment, physical therapy, a federal investigation,

---

[3] Plaintiff previously filed suit regarding an assault as well as allegations concerning Correctional Officers Wilson, Merling, Lark and Weber assigning him to a cell with Inmate Jenkins, an alleged "professed racist."  *See Henson v. Likin*, Civil Action No. RWT-11-2719 (D. Md.).  Defendants were granted summary judgment in that case.

Plaintiff previously filed suit against CO II Jesse Lambert, CO II Nicholas Soltas, CO II Steven Miller, CO II Randolph Bennett, CO II Christopher Ortt, CO II Joshua Tart, and CO II Shawn Murray, alleging they assigned him to cells with gang members and advised gang members on the unit that Plaintiff was a rapist. He reiterated his claim regarding the assault by Jenkins and sought protective custody and a federal investigation. *See Henson v. Lambert,* Civil Action No. RWT-12-3271. Defendants were granted summary judgment in that case.

Plaintiff's previously filed suit against Lt. Dale Smith, Case Worker Gainer, Caseworker Sindy, Lt. Miller, Sgt. Iser, Sgt. Guilliam, Sgt. Tyndale, again alleging overall failure to protect and lack of a policy to address risks to Plaintiff's health and safety and an overarching conspiracy, was likewise dismissed.  *See Henson v. Smith*, Civil Action No. RWT-13-2266 (D. Md.).

Plaintiff  previously sued Warden Frank B. Bishop, Jr., Lt. William E. Miller, Major Robert M. Friend, Lt. Bradley Wilt, Sergeant Walter Iser, CO II Jesse L. Lambert, CO II Christopher Anderson, CO II Nicolas Soltas, and CO II Steven Miller alleging that he was the target of a campaign of murder carried out by correctional staff and specifying an assault on June 20, 2014.  *See Henson v. Bishop*, Civil Action No. RDB-14-2131 (D. Md.).  Defendants were granted summary judgment in that case.

Other complaints raising bald conspiracy claims were dismissed *sua sponte*  by the Court. *See Henson v. Wilt, et al.*, Civil Action No. RDB-14-3724 (D. Md.); *Henson v. Friend et al.,* Civil Action No. RDB-14-3825 (D. Md.), and *Henson v. Miller et al.*, Civil Action No. RDB-15-28 (D. Md.).

Where there has been a final judgment on the merits in a prior suit; an identity of the cause of action in both the earlier and the later suit; and an identity of parties or their privies in the two suits, *res judicata* is established.  *See Pension Ben. Guar. Corp. v. Beverley*, 404 F. 3d 243, 248 (4th Cir. 2005).   The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by parties on the same cause of action.  *See Meekins v. United Transp. Union*, 946 F. 2d 1054, 1057 (4th Cir. 1991).  In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"  *Id*., quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F. 2d 355, 359 (4th Cir. 1989).

protective custody, an Interstate Corrections Compact transfer, compensatory and punitive damages.  ECF 1, 15, & 16.

Defendants deny Plaintiff's allegations, averring that they neither harassed him in August of 2015, nor used any force against him on September 15, 2016. Specifically, CO II Marchinke and CO II Dean Rounds, Jr., aver that they never threatened, harassed, or intimidated plaintiff. ECF 21-3, ¶ 4; ECF 21-4, ¶ 4.  Rounds further avers that he did not choke, beat, use mace or in any way assault Plaintiff on September 15, 2015, nor did he see anyone else do so. ECF 21-4, ¶¶ 5 & 6. Puffenbarger denies ordering any staff to go to Plaintiff's cell and threaten him. ECF 21-5, ¶ 4. She further avers that she did not threaten Plaintiff nor did anyone else in her presence threaten Plaintiff in August 2015. *Id.* She also denies assaulting Plaintiff on September 15, 2015, as alleged and denies ever ordering or directing any staff to assault Plaintiff.  *Id.*, ¶¶ 5 & 6. Gilpin also denies assaulting Plaintiff or being directed by Puffenbarger to assault Plaintiff. ECF 21-6, ¶ 4.

Randy Durst, Correctional Case Specialist II, Inmate Grievance Office Coordinator, avers that he reviewed electronic and base file records and there are no entries or any documented incidents regarding Plaintiff occurring in August 2015 or on September 15, 2015. ECF 21-7, ¶ 6; *see also* ECF 21-8, NBCI Daily Events Log for September 15, 2015. Allegations of assaults involving inmates and staff are investigated by the Internal Investigative Division ("IID").  IID reviewed call logs, case history, Plaintiff's prior case history, and Barrack Index Cards, and found no record of the alleged incident. ECF 21-10.

Plaintiff's medical records likewise fail to support his claim.  On September 14, 2015, Plaintiff submitted a sick call request indicating he was on a hunger strike.  A notation was made

that custody staff reported Plaintiff had refused all three meals on that date. ECF 21-9, p. 4. Heather Ritchie, R.N. went to see Plaintiff in the medical area of H.U. #1 on September 15, 2015. *Id*., p. 3.  Plaintiff was alert and laying on the examination table but was not talking. His vital signs were stable. No open areas or injuries were observed. Ritchie noted that Plaintiff was not cooperating with staff and was subsequently escorted back to his cell.  A chart update entered that same date indicated that Plaintiff was accepting meal trays. *Id*., p. 2.

Plaintiff filed ARP NBCI #1667-15, alleging that on August 7, 2015, Marchinke and Round came to his cell and Marchinke stated: "One of these days, I'm going to break your fucking neck nigger" and Officer Rounds kicked the cell door five times and said, "Come cuff up motherfucker."  ECF 21-12.  The ARP was investigated and dismissed on August 18, 2015, as without merit.  As part of the ARP investigation, Marchinke and Rounds submitted reports denying they used inappropriate language and threatened Plaintiff. *Id*.  Plaintiff filed another ARP in August of 2015, complaining that the water was turned off in his cell on August 21, 2015. ECF 21-11, p. 8.  He filed no ARPs in September or October of 2015. *Id*.

## Standard of Review

### A.      Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the  plaintiff's complaint.  *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th  Cir. 1999).   The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).  Once a claim has been stated adequately, it may be supported by showing

any set of facts consistent with the allegations in the complaint.  *Id*. at 563.  The court need not,

however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d

870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,*

478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual

events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.**     **Motion for Summary Judgment**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that
> there is no genuine dispute as to any material fact and the movant
> is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will

defeat the motion:

> By its very terms, this standard provides that the mere existence of
> *some* alleged factual dispute between the parties will not defeat an
> otherwise properly supported motion for summary judgment; the
> requirement is that there be no *genuine* issue of *material* fact.

 *Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest

upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*.,

346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The

court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all

inferences in her favor without weighing the evidence or assessing the witness' credibility."

*Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

A.   **Excessive Force Claim**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  *Whitley v. Albers*, 475 U. S. 312, 321 (1986).  The absence of significant injury alone is not dispositive of a claim of excessive force.  *Wilkens v. Gaddy*, 599 U.S. 34 (2010).  The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm.  *Id*. at 34.

Here there is absolutely no evidence that any assault in fact occurred.  Defendants specifically deny assaulting Plaintiff and deny observing anyone else assaulting Plaintiff.  On the date of the alleged assault, Plaintiff was seen by medical staff in regard to his "hunger strike." No injuries were observed. Plaintiff's medical record, the facility's daily logs, the IID, and ARP records do not reflect any altercation involving Plaintiff on September 15, 2015.

**B.      Verbal Threats and Harassment**

Plaintiff's claim that Marchinke and Rounds used inappropriate language and threated him in August of 2015, is unavailing. Verbal abuse of inmates by guards, without more, states no claim of assault.  *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979); *see also Carter v. Morris*, 164 F.3d 215, 219, n 3 (4th Cir. 1999) (rejecting use of racial epithets as a basis for constitutional claim).  The threats alleged in this case are not condoned by this court, but they fall short of acts forbidden by the Fourth, the Fourteenth, or the Eighth Amendments.  *See Pink v. Lester*, 52 F.3d 73, 75 (1995) ("[N]ot all undesirable behavior by state actors is unconstitutional.").

**C.      Interference with ARPs**

To the extent Plaintiff alleges there were problems with the processing of his administrative remedy requests, his claim likewise fails.  While the long standing rule has been that prisoners have no constitutional right to participate in an institutional grievance procedure, *see Adams v. Rice*, 40 F. 3d 72, 75 (4th Cir. 1994), with the passage of the Prison Litigation Reform Act (PLRA),  42 U.S.C. § 1997e(a), the issue is less clear.  The PLRA requires exhaustion of administrative remedies before a federal action concerning prison conditions may be filed by a prisoner.  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further clarification regarding exhaustion as a pleading requirement was announced by the United States Court of Appeals for the Fourth Circuit in *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674 (4th Cir. 2005), wherein the court held, "an inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Id*. at  681.

To the extent that a prisoner's attempts to exhaust the administrative remedy process are thwarted by prison officials' misconduct, that evidence may be presented in response to the affirmative defense.      *Id*. at 682.  Thus, an inability to access the administrative remedy procedure based on an alleged refusal by prison officials to enforce the rules governing the process does not run afoul of the due process clause.  Assuming, *arguendo*, that  Defendants did not satisfactorily investigate or respond to the Plaintiff's remedy requests in a timely fashion,

Plaintiff's claim fails as he has not alleged, much less demonstrated, any injury as a result of the alleged failure to sign off or process his ARPs.

### D.      Injunctive Relief

Lastly, Plaintiff is not entitled to any of the injunctive relief he requests. As a preliminary injunction temporarily affords an extraordinary remedy prior to trial than the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7,  20-23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292-93 (4th Cir. 2011).  Plaintiff's requests for injunctive relief shall be denied, as he does not clearly establish that he would suffer immediate and irreparable injury, loss, or damage, if the relief requested is not  provided.

Substantial deference is to be given to the judgment of prison administrators.  *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).  This deference is at its greatest when prison order is at stake.  *See In Re Long Term Administrative Segregation of Inmates Designated as Five Percenters,* 174 F.3d 464, 469 (2003).  Plaintiff has failed to produce evidence that he is likely to suffer irreparable harm if this Court does not order protective custody or an Interstate Corrections Compact transfer.  Moreover, it is not the province of this Court to determine how a particular prison might be more beneficently operated: the expertise of prison officials must be given its due deference.  *See Sandin v. Conner*, 515 U.S. 472, 482 (1995).  Plaintiff is, therefore, not entitled to injunctive relief and his requests for same shall be denied.

**Conclusion**

For the aforementioned reasons, Defendants Sgt. Janet Puffenbarger, C.O. II Timothy Marchinke, C.O. II Dean Rounds, Jr., and C.O. II Cody Gilpin's Motion, construed as a motion for summary judgment, shall be GRANTED.  A separate Order follows.


November 22, 2016                    _____/s/_____
Date                                             RICHARD D. BENNETT
                                                    UNITED STATES DISTRICT JUDGE